UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN BROWN,

        **Plaintiff,**                  **CIVIL ACTION NO. 06-CV-14468-DT**

vs.

                                        **DISTRICT JUDGE PAUL D. BORMAN**

**MICHIGAN DEPARTMENT OF**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORRECTIONS, et al.,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:**    Defendant Michigan Department of Corrections' Motion to Dismiss filed on November 27, 2006 (docket no. 3) should be **DENIED**.  Plaintiff should be ordered to amend his Complaint on or before February 5, 2007.

**II.    REPORT**:

    *A.    Facts and Procedural History*

This matter comes before the Court on Defendant Michigan Department of Corrections' Motion to Dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  (Docket no. 3).  Plaintiff has responded to the motion.  (Docket no. 7).  This matter has been referred pursuant to 28 U.S.C. § 636(b)(1)(B) and is now ready for ruling.  (Docket no. 5).

Plaintiff is an employee of the Michigan Department of Corrections assigned to the Gus Harrison Correctional Facility in Adrian, Michigan.  He alleges that during his employment he has been subjected to racial discrimination as an African-American male and has been retaliated against for his filing of complaints about his treatment.  He seeks damages as relief.

Plaintiff names two Defendants. The first is the Michigan Department of Corrections. The second Defendant is an individual, Kenneth Richardson. The only information about him in the Complaint is that he is believed to be a resident of Michigan. The Complaint does not state any facts specific to any Defendant. The allegations are attributed to "defendants" in general. The general nature of the allegations form the basis of Defendant's motion to dismiss. The State contends that Plaintiff's Complaint should be dismissed because of this failure to allege any specific facts. (Docket no. 3 at 3). Plaintiff responds that his allegations are sufficient to survive this motion to dismiss. (Docket no. 7). The parties communicated about this motion and although Plaintiff declined to concur in it, he states that had Defendant asked him he would have amended his Complaint to set forth specific facts and examples of the discrimination of which he complains. (*Id.* at 6).

    B.    *Standard of Review*

Defendant has moved to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.* Moreover, at this early stage of the proceedings the Court must presume "'that general allegations embrace those specific facts that are necessary to support the claim.'" *Ross v. City of Gatlinburg, Tenn.*, 113 Fed. App'x 113, 115 (6th Cir. 2004) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

C.   *Analysis*

Plaintiff alleges in his Complaint that he has been subjected to "repeated and continuous harassment and discriminatory treatment based upon his race by Defendant, MDOC, its employees and agents." (Docket no. 1 at 4). He also alleges that his status as an employee has been detrimentally affected and he has been subjected to a hostile work environment. (*Id.*) With respect to his retaliation claim, Plaintiff alleges that he engaged in protected activity by filing complaints seeking to be free of the racial discrimination. As a result, he alleges that his supervisors retaliated against him by making adverse employment actions and treating him in abusive and threatening ways. (*Id.* at 6).

Based on these allegations, the Court finds that Plaintiff has stated claims for the two counts in his Complaint. *See Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999) (setting out elements of hostile work environment claim); *Ford v. General Motors Corp.*, 305 F.3d 545, 552-53 (6th Cir. 2002) (same for retaliation claim). The Court must assume for the purpose of this motion that the general allegations in the Complaint are supported by specific facts. *See Ross*, 113 Fed. App'x at 115. Defendant does state a legitimate complaint, however, inasmuch as Plaintiff has failed to state any specific allegations with respect to the Defendants named. There is only one individual named and the Court cannot determine anything about him from the Complaint such as whether he is an MDOC employee and, if so, the position he holds. In his Response Brief Plaintiff gives some more information by stating that he was told by Defendant Richardson that "we're gonna get you." (Docket no. 7 at 3). Plaintiff also states that Defendant Richardson "participated in much of the discrimination." (*Id.*) Therefore, Defendant Richardson is apparently an employee of the MDOC also. Plaintiff states that he is willing to amend his Complaint. He should do so and make specific allegations against each Defendant. Plaintiff should also identify Defendant Richardson in a more

appropriate manner. The Court notes that the docket sheet does not reflect that Defendant Richardson has been served with a copy of the Complaint.

It is therefore recommended that Defendant's Motion to Dismiss be denied but that Plaintiff be ordered to file an amended Complaint on or before February 5, 2007.

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: January 03, 2006             s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: January 03, 2006             s/ Lisa C. Bartlett
                                    Courtroom Deputy