**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SHAWN BROWN,**

        **Plaintiff,**        **CIVIL ACTION NO. 06-CV-14468-DT**

  **VS.**        **DISTRICT JUDGE PAUL D. BORMAN**

**MICHIGAN DEP'T OF**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORRECTIONS, et al.,**

        **Defendants.**
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

This matter comes before the Court on Plaintiff's Motion for Leave to File an Amended Complaint filed on September 18, 2007. (Docket no. 27). Defendant Michigan Department of Corrections filed a Response. (Docket no. 28). Pretrial matters have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 14). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is therefore ready for ruling.

### I.    FACTUAL BACKGROUND

This is a civil action in which Plaintiff, an employee of the Michigan Department of Corrections (MDOC), raises claims of racial discrimination in his employment and retaliation for filing numerous complaints to the MDOC concerning the alleged discrimination. (Docket no. 12). Plaintiff filed his original Complaint on October 12, 2006. (Docket no. 1). He filed his First Amended Complaint on January 30, 2007. (Docket no. 12). Judge Borman dismissed Defendant Richardson pursuant to a stipulation of the parties on August 20, 2007. (Docket no. 26). This was after Richardson had filed a Motion for Summary Judgment. (Docket no. 17).

Discovery closed in this action on August 24, 2007. (Docket no. 16). The dispositive motion cut-off date was September 28, 2007. (*Id.*). Plaintiff filed this Motion for Leave to File an Amended Complaint on September 18, 2007.[1] On September 26, 2007, the Michigan Department of Corrections moved for summary judgment. (Docket no. 30). That motion is pending at this time.

Plaintiff alleges that on August 22, 2007 his counsel took the deposition of John Dama, the MDOC Internal Affairs investigator who investigated several of Plaintiff's claims of racial harassment and discrimination. During Mr. Dama's deposition Plaintiff further alleges, "it became apparent that Plaintiff has a claim pursuant to 42 USC § 1983, in that Defendant's employees Kenneth Richardson and Raymond Monnreal discriminated against [Plaintiff] and harassed [Plaintiff] in retaliation for him associating with Bruce Hotchkiss, a fellow corrections officer with the Department of Corrections, in violation of [Plaintiff's] First Amendment Freedom of Association." (Docket no. 27 at 1-2). Plaintiff "is requesting leave to amend his Complaint to add allegations that Monnreal and Richardson violated his First Amendment right to associate with Hotchkiss." (*Id.* at 5). Plaintiff also moves to add Richardson and Monnreal as Defendants. (*Id.* at 6).

Defendant MDOC opposes Plaintiff's Motion. It argues that Plaintiff's proposed amendment is unduly delayed and shows dilatory intent. Defendant contends that the record shows that Plaintiff knew the facts underlying the proposed amendment since before December 2, 2005. Defendant also notes that Plaintiff waited until two days before the discovery deadline to take the deposition of John Dama, and waited more than 3 weeks after the discovery deadline to file this motion for leave to amend the Complaint. Finally, Defendant argues that Plaintiff's claims against Kenneth Richardson are barred by the stipulation and order that Judge Borman entered on September 20, 2007.

---

[1] Plaintiff's Motion violates E.D. Mich LR 15.1 because the proposed amended pleading is not attached to the Motion.

2

## II. STANDARD

Rule 15(a), Fed. R. Civ. P., provides that a party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty days of serving its pleading if no responsive pleading is required. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether to grant a motion for leave to amend, the trial court considers such factors as undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Although delay alone is usually not a sufficient reason to deny a motion to amend, when the delay causes the motion to be filed at a late stage of the litigation, such as near the close of discovery, an increased burden is on the movant to show justification for the failure to move earlier. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). In *Duggins*, the court found that denying the motion for leave to amend was proper as a result of undue delay and significant prejudice. The plaintiff was aware of the claim; the complaint stated facts that comprised the claim; no justification for the delay was proffered; and, allowing amendment would necessitate reopening of discovery. (*Id.*). *See Leary v. Daeschner*, 349 F.3d 888, 906-09 (6th Cir. 2003) (affirming denial of leave to amend where plaintiff was aware of new claim, knew of underlying facts of claim, and failed to provide justification for delay).

## III. DISCUSSION

Defendant has filed an Answer to Plaintiff's Amended Complaint. (Docket no. 13). Defendant has not consented to the proposed amendment. Therefore, leave of court is required before Plaintiff

may amend his Complaint a second time. Fed. R. Civ. P. 15(a). This Court will therefore discuss the relevant factors in deciding whether to grant Plaintiff's Motion.

  *A. Delay in Filing*

  Plaintiff suggests in his Motion that he was surprised by the testimony of John Dama. He states that it became apparent during Dama's deposition that he had a First Amendment claim. However, the record shows that Plaintiff was aware of the facts underlying this claim in 2005. Plaintiff attaches to his Motion a copy of John Dama's memorandum reporting the results of his investigation into complaints made by Plaintiff and Officer Hotchkiss. This memorandum is dated December 2, 2005. It summarizes the allegations made by Plaintiff. At one point the memo states that Plaintiff alleged that "his friendship with Hotchkiss and his being black" resulted in the discrimination and retaliation against him. (Dana memo at 5). The memo also states that Plaintiff had heard that another officer was trying to set him up "on a phony over familiar charge because of his involvement with the first complainant in this case, Off. Hotchkiss." (*Id.* at 6). Finally, the memo reports that Plaintiff alleged that he had to interview for a position while other officers did not have to interview for the same position. Plaintiff attributed this to his race and "his involvement in filing complaints as well as his friendship with Off. Hotchkiss." (*Id.*). Plaintiff cannot therefore show that he was surprised by any information that he was retaliated against because of his association with Officer Hotchkiss.

  Plaintiff therefore delayed from the very beginning of this action to raise his First Amendment claim against Officers Richardson and Monnreal. He failed to raise the claim in his original Complaint and in his First Amended Complaint. Plaintiff provides no justification for this delay. Officer Richardson was included as a Defendant in both of these Complaints, but he was dismissed by Plaintiff's

4

stipulation. Plaintiff fails to give any reason why he entered into this stipulation when he knew of the facts supporting the very claim that he now wishes to raise.[2]

Plaintiff delayed to such an extent in this case that his Motion comes well after the close of discovery. Plaintiff filed his Motion just a few days before the cut-off date for filing dispositive motions. Defendant has now filed a motion for summary judgment which is now pending. Plaintiff gives no reason for why he waited to take John Dama's deposition or why he waited several weeks after this deposition to file this Motion. Plaintiff's unjustified delay in filing this Motion militates strongly toward denying it. *See Price, Heneveld, Cooper, Dewitt & Litton v. Annuity Investors Life Ins. Co.*, 2007 WL 2228709 (6th Cir. Aug. 2, 2007) (unpublished) (finding no abuse of discretion in court's denying leave to amend when plaintiff knew facts of claim and waited 15 months after filing original complaint and 2 weeks before discovery deadline, and after 2 summary judgment motions were filed, to file motion without any justification).

      *B.      Prejudice to Defendant*

Defendant MDOC would be prejudiced by this proposed amendment. As noted above, discovery has closed in the case. The deadline for filing dispositive motions has now passed. Plaintiff wishes to raise a First Amendment claim which, although based on facts similar to his present claims, would involve different legal analysis. There is nothing in the record showing that Defendant had notice that Plaintiff might raise this claim before this time. Discovery would likely have to be reopened to allow the parties to gather evidence on this new legal theory. New Defendants would be brought into the action by this amendment. Their presence may necessitate additional proceedings in the case which

---

[2] The Court does not find that Plaintiff's Motion is barred by this stipulation. However, it is a factor weighing against granting Plaintiff's Motion.

would not otherwise be necessary. Significant prejudice would therefore result from Plaintiff amending his Complaint at this stage of the proceeding. *See Duggins*, 195 F.3d at 834.

Based on the undue, unjustified delay by Plaintiff in bringing this Motion, and the significant prejudice that would result to Defendant if it was granted, Plaintiff's Motion will be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (docket no. 27) is **DENIED**.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 08, 2007	s/ Mona K. Majzoub
	MONA K. MAJZOUB
	UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Shawn Brown and Counsel of Record on this date.

Dated: November 08, 2007	s/ Lisa C. Bartlett
	Courtroom Deputy