**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHAWN BROWN,

       **Plaintiff,**          **CIVIL ACTION NO. 06-CV-14468-DT**

vs.

          **DISTRICT JUDGE PAUL D. BORMAN**

**MICHIGAN DEP'T OF**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORRECTIONS, et al.,**
       **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Defendant Michigan Department of Corrections' Motion for Summary Judgment filed on September 26, 2007 (docket no. 30) be **DENIED**.

**II.**    **REPORT:**

This matter comes before the Court on Defendant Michigan Department of Corrections' Motion for Summary Judgment. (Docket no. 30). Plaintiff has filed a Response brief. (Docket no. 34). Defendant has filed a Reply brief. (Docket no. 35). The parties agreed at the oral argument hearing on December 10, 2007 to waive argument on the motion. Therefore, this matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    *A.*    *Factual Background*

Plaintiff is an African-American male who has been employed with the Michigan Department of Corrections (MDOC) since 2001. (Docket nos. 30, 34). He is currently assigned to the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiff contends that during his employment MDOC and a co-worker, Kenneth Richardson, have subjected him to racial harassment and to a hostile work

environment.[1]  (*Id.*).  Plaintiff also alleges that Defendants retaliated against him after he complained about racial discrimination at work.  (*Id.*).  Plaintiff's Amended Complaint raises in Count I a claim of race discrimination (hostile work environment) in violation of Title VII of the Civil Rights Act of 1964 and in violation of Michigan's Elliott-Larsen Civil Rights Act (Mich. Comp. Laws § 37.2201 *et seq.*).  Plaintiff raises in Count II a claim of unlawful retaliation in violation of the same two statutes.  (Docket no. 12).

Defendant MDOC moves for summary judgment based on arguments that this Court lacks subject matter jurisdiction and that Plaintiff has failed to establish a *prima facie* case of either racial discrimination or retaliation.  (Docket nos. 30, 35).

B.  *Standard of Review*

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox County Sch. Sys.*, 205 F.3d. 912, 914-15 (6th Cir. 2000).  Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial.  (*Id.*)  A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

C.  *Analysis*

---

[1] Defendant Richardson has now been dismissed from this action.  (Docket no. 26).

Plaintiff alleges racial discrimination under Title VII and the Elliott-Larsen Civil Rights Act in Count I of his Amended Complaint. (Docket no. 12 at 4-7). In Count II, Plaintiff alleges that Defendants unlawfully retaliated against him under both federal and state law. (*Id.* at 7-8).

1. *Jurisdiction*

Defendant MDOC argues in its initial brief that this Court may lack subject matter jurisdiction because Plaintiff had failed to produce a copy of his right-to-sue letter issued by the Equal Employment Opportunity Commission (EEOC). (Docket no. 30 at 13). However, Plaintiff produced a copy of this letter with his Reply brief. (Docket no. 34, ex. K). Defendant now concedes that Plaintiff timely filed this lawsuit. (Docket no. 35 at 4). Therefore, there is no jurisdictional defect based on this argument.

Defendant MDOC also argues that this Court lacks jurisdiction "over Plaintiff's allegations used to support Title VII claims because his charge of discrimination filed with the Equal Employment Opportunity Commission limits the scope of the allegations to the time between November 7, 2005 and January 16, 2006." (Docket no. 35 at 1). According to Defendant, "none of allegations [sic] in the lawsuit are contained in the EEOC charge of discrimination; all the allegations in this lawsuit either precede the charge of discrimination or they occurred after that charge." (*Id.* at 5). Defendant therefore contends that dismissal for lack of jurisdiction is warranted. (*Id.*).

The scope of this Court's jurisdiction is limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 832 (6th Cir. 1999). The only Charge of Discrimination that Plaintiff has shown he filed with the EEOC, through the Michigan Department of Civil Rights, lists the earliest date that discrimination took place as November 7, 2005, and the latest date as January 16, 2006. (Docket no. 34, ex. J). However, the "EEOC complaint cannot be read as a temporal limitation on the admission of evidence for the hostile work environment claim." *Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir. 2006).

"[W]here there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir. 1992).

Plaintiff alleged in his EEOC Charge of Discrimination that "harassment and intimidation by the use of racial slurs and jokes" has been ongoing and that he has complained on several occasions to no avail.[2] (Docket no. 34, ex. J). Plaintiff alleges and presents evidence to support at least one act that occurred within the 300-day limitations period prior to the filing of his EEOC charge of discrimination (between March 31, 2005 and January 25, 2006). Specifically, he presents evidence that on April 21, 2005 the personnel director of the prison where he was working told him that he would have to interview for a position whereas twelve white male and female officers were promoted to the same position without having to be interviewed. (Docket no. 30, ex. B (Plaintiff's deposition ex. 15 and deposition pages 69-73)). Plaintiff has presented sufficient evidence to create a jury question as to whether this was a racially discriminatory or retaliatory act. Because this act falls within the relevant limitations period, this Court may consider the series of discriminatory or retaliatory acts alleged by Plaintiff. *Haithcock*, 958 F.2d at 677. Defendant's argument that this Court lacks jurisdiction due to the scope of Plaintiff's EEOC charge of discrimination must be rejected.

  2. *Racial Discrimination*

In order to state a claim of hostile work environment based on racial discrimination, Plaintiff must establish that: (1) he is a member of a protected class; (2) he was subject to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of had the effect of unreasonably interfering with Plaintiff's work performance and creating an intimidating, hostile, or offensive work environment; and (5) the existence of respondeat superior liability, meaning that the

---

[2] Plaintiff apparently filed his EEOC Charge of Discrimination without the assistance of counsel.

employer knew or should have known of the offending conduct and failed to take prompt and appropriate corrective action. *See Fleenor v. Hewitt Soap Co.*, 81 F.3d 48, 49 (6th Cir. 1996) (sex discrimination); *Quinto v. Cross & Peters Co.,* 547 N.W.2d 314, 319-20 (Mich. 1996) (state law).

Defendant contends that Plaintiff has failed to establish the fourth and fifth elements of the cause of action. (Docket no. 30 at 14-17). Plaintiff has made many allegations of racial discrimination and retaliation and testified about them during his deposition. (*Id.* ex. B). Plaintiff alleges that in October 2004 a co-worker told him that if Plaintiff was from where he was from, Plaintiff would find himself with a chain around his neck being dragged from the back of a pickup truck driven by a Caucasian in Texas. (*Id.*). Plaintiff understood this to be a racial comment due to the recent incident of a black man being dragged to death in Texas. Plaintiff further alleges that from March to August 2006 he received a series of anonymous phone calls while at work during which the caller said, n****r, we're gonna getcha, you fuckin n****r, and ya dumb n****r. (*Id.*). Plaintiff further alleges that in June 2006 a fellow correctional officer told him that the Warden had told that officer to watch out for Plaintiff because he made a federal complaint and was making written notes. (*Id.*). Plaintiff alleges that in January 2007 Lt. Figel harassed him due to his race by requiring Plaintiff to show him what he wanted to copy on the copying machine while not requiring others to do the same. (*Id.*). Plaintiff has presented sufficient evidence to create a jury question on whether the harassment he alleges was severe enough to create a hostile work environment.

Defendant also argues that Plaintiff has failed to establish that it should be held liable for these alleged incidents because it took prompt and appropriate corrective action. The MDOC responded to Plaintiff's complaints. As one example, it installed a caller ID unit when Plaintiff complained of receiving the anonymous phone calls. However, these investigations determined, for the most part, that Plaintiff's complaints were unfounded or unsubstantiated, and no action was taken. (Docket no. 30 at

9-10 & ex. B). Defendant has not pointed out any disciplinary action that it took against any employee based on Plaintiff's complaints. (Docket no. 30 at 17). The evidence of whether Defendant MDOC adequately responded to Plaintiff's complaints is therefore a jury question.

Accordingly, Plaintiff has presented sufficient evidence to survive Defendant MDOC's Motion for Summary Judgment on his claim of a hostile work environment.

        3.        *Retaliation*

In order to state a claim of retaliation, Plaintiff must establish that: (1) he engaged in activity protected under Title VII; (2) the defendant knew that he engaged in the protected activity; (3) the defendant subsequently took an adverse, retaliatory action against him, or he was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) the protected activity and the adverse action were causally connected. *Randolph*, 453 F.3d at 736; *Pena v. Ingham County Road Comm'n*, 660 N.W.2d 351, 358-59 (Mich. Ct. App. 2003) (state law).

Defendant MDOC argues that Plaintiff has failed to show that he was subjected to an adverse employment action. (Docket no. 30). Plaintiff admitted during his deposition that he has not been subjected to any of the actions that normally are associated with an adverse employment action such as termination or demotion. (Docket no. 30, ex. B). However, a plaintiff may establish an adverse action by showing that a reasonable employee would have found the challenged action materially adverse, in other words, that it might have dissuaded a reasonable worker from making or supporting a charge of discrimination. *Burlington Northern and Santa Fe Ry., v. White*, 126 S.Ct. 2405, 2415 (2006). An alteration of the terms or conditions of employment is not necessary. (*Id.* at 2416). The employee is not immunized by his complaints against those petty slights or minor annoyances that often take place at work and that all employees experience, however. (*Id.* at 2415).

Plaintiff has presented sufficient evidence to create a jury question on whether the conduct complained of is materially adverse and connected to his complaints.  His allegations go beyond what a reasonable employee would expect to experience.  For instance, he has alleged that he received phone calls with someone saying they were going to get him after he had filed his EEOC complaint.  He had earlier been threatened of being chained and dragged from the back of a truck.  In addition, Plaintiff claims that his suspension from work on September 28, 2007 was due to retaliation.  (Docket no. 34 at 17).  Defendant contends that this suspension should not be considered because it was not alleged in Plaintiff's EEOC charge.  (Docket no. 35 at 5).  Although this Court does not consider this incident to be determinative on the question of adverse action, under Sixth Circuit authority a jury could consider such evidence.  *See Haithcock*, 958 F.2d at 677.  It is therefore one more possible basis upon which a jury could determine that Plaintiff suffered an adverse employment action.  Considering the totality of Plaintiff's evidence, he has made a sufficient showing.  Accordingly, Defendant MDOC's Motion for Summary Judgment on Plaintiff's retaliation claim should be denied.

## III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 17, 2007         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Shawn Brown and Counsel of Record on this date.

Dated: December 17, 2007         s/ Lisa C. Bartlett
                                 Courtroom Deputy